Name   Aaron C. Gundzik (132137); Rebecca G. Gundzik (138446)
Address   Gartenberg Gelfand Hayton & Selden LLP
City, State, Zip   801 S. Figueroa St., #2170, Los Angeles, CA 90017
Phone   (213) 542-2100
Fax   (213) 542-2101
E-Mail   agundzik@gghslaw.com; rgundzik@gghslaw.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| TRINIDAD HERRERA, et al. | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | 14-cv-00776-MWF-VBK |
| v. | |
| CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, etc. | NOTICE OF APPEAL |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that   TRINIDAD HERRERA and TAROOB SLMANI only   hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Granting Defendant's Motion to Dismiss

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on   July 2, 2014   . Entered on the docket in this action on   7/2/2013 (Document 29)   .

A copy of said judgment or order is attached hereto.

July 14, 2014
Date

Signature
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-776-MWF (VBKx)     Date: July 2, 2014
Title:    Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):**    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION [13]

    This matter is before the Court on Defendant's Motion to Dismiss and Compel Arbitration Pursuant to FRCP 12(b)(1), and/or 12(b)(6) and the Federal Arbitration Act (9 U.S.C. §§ 3 and 4) (the "Motion"). (Docket No. 13). The Court reviewed and considered the briefs on the Motion, and held a hearing on **June 23, 2014**. For the reasons set forth below, the Motion is **GRANTED**. Plaintiffs' agreements to arbitrate are enforceable, and thus their claims must be arbitrated. Accordingly, the action is **DISMISSED**.

I.    BACKGROUND

    On March 12, 2014, Plantiffs Trinidad Herrera, Taroob Slmani (evidently erroneously captioned as Taroob Simani), and Luis Berregan, on behalf of themselves and others similarly situated, filed the Complaint in the Riverside Superior Court. (Docket No. 3). On April 17, 2014, Defendant CarMax Auto Superstores California, LLC ("CarMax") removed the Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Docket No. 1).

    Plaintiffs bring claims as representative of a putative class (the "Class") of "[a]ll current and former painters, detailers, [and] mechanics" employed by CarMax during the four years prior to filing the Complaint. (Compl. ¶ 10, Notice of Removal Ex. A (Docket No. 3)). Plaintiffs allege that CarMax's "uniform policies and procedures"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-14-776-MWF (VBKx)                Date:  July 2, 2014
Title:    Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

violated California labor laws. (*Id.* ¶ 11). They allege specifically that CarMax failed to sufficiently compensate Plaintiffs for hours worked. (*Id.*).

Herrera was employed as a painter at CarMax from 1999 to October 2013. (Mot. at 3). Slmani was employed as an automotive service technician at CarMax between 1999 and November 2013. (*Id.*). Berregan was employed as a service mchanic at CarMax from 2007 to 2013. (*Id.* at 4).

As part of their applications for employment with CarMax, Plaintiffs each signed dispute resolution agreements (the "Agreements"). (Mot. at 3). The Agreements are attached to the Motion. (Declaration of Kimberley Ross in Support of Defendant's Motion to Compel Arbitration ("Ross Declaration") ¶ 5, Exs. B-D (Docket No. 13-2)). Each Agreement provided that both parties would arbitrate any claims arising from Plaintiffs' employment. (*See id.*). CarMax contends that Plaintiffs' claims in the Action are subject to the Agreements. (Mot. at 8). It therefore seeks to compel arbitration pursuant to the FAA. (*Id.* at 3-4).

The Agreements provide that arbitration would be conducted in accordance with CarMax's Dispute Resolution Rules and Procedures (the "DRRP"). (Ross Decl. ¶ 5, Ex. B at 17, Ex. C at 23, Ex. D at 32). Each Agreement notified the applicant that the DRRP would either be provided in the application booklet, or should be requested from a CarMax representative. (*Id.*). Each further provided that the applicant "should familiarize [himself] with [the DRRP] prior to signing the Agreement." (*Id.*). Each indicated that by signing the Agreement the applicant was acknowledging receipt of the DRRP. (*Id.*).

The parties disagree as to which, if any, of the DRRPs are operative with respect to each Plaintiff, as CarMax has modified the DRRP multiple times. CarMax contends that while Herrera and Slmani acknowledged receipt of the 1999 version of the DRRP, and Berregan acknowledged receipt of the 2005 version, both versions have since been replaced by the 2011 version. (Reply at 9). DRRP Rule 19 allows CarMax to modify the DRRP on December 31 of any year, provided that CarMax posts notice of the modification thirty days prior, and makes the modified DRRP available to read after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-14-776-MWF (VBKx)                Date: July 2, 2014
Title:    Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

December 31 of each year. (Ross Decl. ¶ 5, Ex. A at 12). CarMax argues that it followed those requirements in modifying the DRRP multiple times since 1999. (Reply at 9). It therefore concludes that the most recent version—the 2011 DRRP—is the operative version. (*Id.*).

Plaintiffs contend that notice of the modifications was insufficient, and thus the Court should refer to the DRRP versions operative at the time Plaintiffs signed each Agreement. (*See* Opp'n at 10-12).

## II.   DISCUSSION

### A.   Request for Judicial Notice

Plaintiffs have submitted a Request for Judicial Notice in Support of Opposition to Plaintiff's Motion to Compel Arbitration or Dismiss Action (the "Request"). (Docket No. 24).

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "It is not uncommon for courts to take judicial notice of factual information found on the World Wide Web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *see also Matthews v. Nat'l Football Council*, 688 F.3d 1107, 1113 & n.5 (9th Cir. 2012) (taking judicial notice of relevant statistics available on the NFL's website).

Plaintiffs request that the Court take judicial notice of a letter between CarMax and the United States Security and Exchange Commission ("SEC") found on the SEC website. (Request Ex. A). The letter is "factual information found on the world wide web," and being publically available on the SEC website, a source whose accuracy cannot reasonably be questioned. Accordingly, the Court hereby **GRANTS** Plaintiffs' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.   CV-14-776-MWF (VBKx)                    Date:  July 2, 2014
Title:   Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

### B. Motion to Compel Arbitration

Arbitration is a way to resolve disputes "that the parties have agreed to submit to arbitration." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995). Arbitration agreements limit the Court's role to "determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 479 (9th Cir. 1991); *see also Muh v. Newberger, Loeb & Co.*, 540 F.2d 970, 972 (9th Cir. 1976) (If the parties have agreed to arbitrate, "the entire controversy must be referred to the arbitrator, including the validity of the contract.").

The FAA applies to written arbitration agreements in "contract[s] evidencing a transaction involving commerce." 9 U.S.C. § 2. An employment contract including an agreement to arbitrate can be subject to the FAA, if it is not expressly exempted by the FAA and if the employment affects interstate commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113, 119, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001) (rejecting the argument that an employment contract is not a "contract evidencing a transaction involving interstate commerce," and holding that 9 U.S.C. § 1 does not exempt all employment contracts from the FAA).

CarMax argues that Plaintiffs' employment with CarMax involved interstate commerce, and that the Agreements are not specifically exempted by the FAA. (Mot. at 8-9 n.4). Plaintiffs do not challenge the applicability of the FAA, but rather the validity of the Agreements themselves. (*See* Opp'n. at 1-3).

Because Plaintiffs have not challenged the applicability of the FAA, and because the employment agreements involve interstate commerce, the FAA applies here. The Court must therefore apply California contract law in light of the "liberal federal policy favoring arbitration," embodied in Section 2. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745, 179 L. Ed. 2d 742 (2011). "[U]nder both federal and California law, arbitration agreements are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the [rescission] of any contract." *Sullivan v. Lumber Liquidators, Inc.*, C-10-1447 MMC, 2010 WL 2231781, at *3 (N.D. Cal. June 2, 2010)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-776-MWF (VBKx)     Date: July 2, 2014
Title:   Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

(quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 98, 6 P.3d 669, 679 (2000)).

### C.   CarMax Can Enforce the Agreements

Plaintiffs contend that Herrera and Slmani agreed to arbitrate with Circuit City, and that Berregan agreed to arbitrate with CarMax Auto SuperStores, Inc., rather than Defendant CarMax Auto Superstores California, LLC, and thus CarMax cannot enforce the Agreements because it was not a party to them. (*Id.* at 9).

The Agreements show that Herrera and Slmani signed agreements with "CarMax, a Circuit City Company." (Ross Decl. ¶ 5, Exs. B- C). The Agreements further show that the Agreements extended to "affiliate companies such as CarMax." (*Id.*). Berregan agreed to arbitrate claims with "CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively 'CarMax')." (*Id.* Ex. D). It is undisputed that the claims at issue arose from Plaintiffs' employment with a CarMax entity. (*See* Compl. ¶¶ 1-9, 14). CarMax contends that it was transferred the Agreements after corporate restructuring of CarMax, Inc. (Mot. at 4).

The Court agrees with CarMax that, notwithstanding corporate restructuring, it has the legal right to enforce the Agreements. Although an agreement to arbitrate may only be invoked by a party to the agreement, a number of exceptions allow a party to enforce an arbitration agreement made by a signatory with some legally significant relationship with the party seeking enforcement: "The common thread [in cases allowing nonsignatory enforcement] is the existence of an agency or similar relationship between the nonsignatory and one of the parties to the arbitration agreement. In the absence of such a relationship, courts have refused to hold nonsignatories to arbitration agreements." *Matthau v. Superior Court*, 151 Cal. App. 4th 593, 599, 60 Cal. Rptr. 3d 93 (2007) (quoting *NORCAL Mut. Ins. Co. v. Newton*, 84 Cal. App. 4th 64, 76, 100 Cal. Rptr. 2d 683 (2000)) (internal quotation marks omitted); *see also Wilmot v. McNabb*, 269 F. Supp. 2d 1203, 1208 (N.D. Cal. 2003) (allowing defendant to enforce an arbitration agreement, although its corporate parent was the actual signatory).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-776-MWF (VBKx)　　　　Date: July 2, 2014
Title:　　Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

CarMax presents the Declaration of Tanisha Y. Lewis-Andrews ("Lewis-Andrews Declaration"), a CarMax Senior Payroll Analyst, who avers that Defendant CarMax Auto Superstores California, LLC was created in 2004 during a restructuring of CarMax's corporate structure. Whereas CarMax Auto Superstores West Coast, Inc. operated the Duarte store at which Herrera and Slmani worked in 1999, operations were transferred to CarMax Auto Superstores California, LLC, an entity wholly owned by CarMax Auto Superstores West Coast, Inc., in 2004. (Lewis-Andrews Decl. ¶ 5).

The Court does not, of course, consider Lewis-Andrews's legal conclusions about the effect of the restructuring on the employment relationship between Plaintiffs and CarMax. As Senior Payroll Analyst, however, Lewis-Andrews has proper personal knowledge of the fact of restructuring and the fact that Defendant CarMax Auto Superstores California, LLC is directly related to CarMax, Inc. and CarMax Auto Superstores West Coast, Inc., two entities that Plaintiffs do not dispute would be entitled to enforce the arbitration agreement. Accordingly, Plaintiffs' evidentiary objections to the Lewis-Andrews Declaration are **OVERRULED**. (Docket No. 27).

CarMax is entitled to invoke the Agreements, either because CarMax Auto Superstores West Coast, Inc. assigned its rights under the Agreements to CarMax Auto Superstores California, LLC, or because the relationship between the two entities is such that, under California law, CarMax Auto Superstores California, LLC is bound by agreements to arbitrate made by CarMax, Inc. and related entities in 1999.

D.　　The Agreements Are Not Illusory and Were Validly Modified

The DRRP's Rule 19 provides:

CarMax may alter or terminate the Agreement and [the DRRP] on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding [DRRP] in effect at the time the Arbitration Request Form is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-14-776-MWF (VBKx)                Date:  July 2, 2014
Title:    Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

    CarMax locations (including locations of affiliated companies). A copy of the text of any modification to the Agreement or Rules and Procedures will be published in the Applicant Packet, which will be available at such locations after December 31 of each year."

(Ross Decl. ¶ 4, Ex. A at 12).

    Plaintiffs argue that this term renders the agreement illusory because it permits CarMax to unilaterally modify its terms. (Opp'n at 9). But Plaintiffs' position is contradicted by California law.

    The California Court of Appeal held in *Casas v. Carmax Auto Superstores California LLC* that "the modification clause in the CarMax DRRP does not invalidate the arbitration agreement." 224 Cal. App. 4th 1233, 1237, 169 Cal. Rptr. 3d 96, 100 (2014), review filed (Apr. 28, 2014). The court found that the DRRP's Rule 19 did not render the agreement illusory because modifications could only be made with advance notice, implying a covenant of good faith and fair dealing. *Id.* The implied covenant "limit[ed] the employer's authority to unilaterally modify the arbitration agreement and save[d] that agreement from being illusory and thus unconscionable." *Id.* (quoting *Serpa v. Cal. Surety Investigations, Inc.*, 215 Cal. App. 4th 695, 708, 155 Cal. Rptr. 3d 506 (2013)).

    Plaintiffs argue that *Casas* does not apply here because the 1999 agreements signed by Herrera and Slmani "are devoid of a notice of modification term." (Opp'n at 10). CarMax has submitted a copy of the DRRP that was in effect in 1999 which directly contradicts Plaintiffs' contention. (*See* Declaration of Karen Holt ("Holt Declaration") ¶ 3, Ex. G at 13). The modification term in the 1999 DRRP is identical in all relevant respects to the term discussed in *Casas* above. (*Id.*). Therefore, the Agreements are not illusory.

    Furthermore, CarMax followed this modification provision by posting notices that the DRRP would be modified. Plaintiffs do not indicate that they stopped working

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-776-MWF (VBKx)         Date: July 2, 2014
Title:     Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

after receiving notice of the modifications or otherwise objected. Accordingly, the DRRP as modified is the applicable agreement.

### E. Unconscionability

Plaintiffs argue that the Agreements are unenforceable because they are procedurally and substantively unconscionable. (Opp'n at 12-13).

"The final phrase of [9 U.S.C.] § 2 . . . permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *Concepcion*, 131 S. Ct. at 1746. The Supreme Court has held that "[t]his savings clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* (citations omitted). Moreover, "federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Adams*, 279 F.3d at 892.

An agreement is unconscionable under California law if it is both procedurally and substantively unconscionable:

> [U]nconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results. . . . The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. . . . But they need not be present to the same degree. . . . [T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.

*Armendariz*, 24 Cal. 4th at 114.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-776-MWF (VBKx)                Date: July 2, 2014
Title:   Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

### 1. Procedural Unconscionability

"Procedural unconscionability analysis focuses on 'oppression' or 'surprise.'" *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (quoting *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853, 113 Cal. Rptr. 2d 376 (2001)). "'Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice,' while '[s]urprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them.'" *Id.* (quoting *Flores*, 93 Cal. App. 4th at 853).

Plaintiffs argue that the Agreements "have a high degree of procedural unconscionability" because Plaintiffs "had no choice whether to sign them, they were non-negotiable and they were a condition of employment." (Opp'n at 15).

The California Court of Appeal recently reversed a lower court's denial of a motion to compel arbitration in a case involving a CarMax agreement identical to the ones at issue here. *Sanchez v. Carmax Auto Superstores California, LLC*, 224 Cal. App. 4th 398, 403, 168 Cal. Rptr. 3d 473, 477 (2014), review denied (June 11, 2014). The court found that because of the agreement's "adhesive nature," which conditioned the plaintiff's employment on agreeing to its terms, there was "evidence of some degree of procedural unconscionability." 224 Cal. App. 4th at 403. But notwithstanding "some degree of procedural unconscionability," the court affirmed the lower court's finding that "[t]he stand-alone arbitration agreement was not hidden, but prominently featured as part of the employment application, and there are no other indicia of procedural unconscionability." *Id.*

Plaintiffs argue that "[t]he degree of procedural unconscionability here is multiplied by the fact that at the time they signed these agreements, none of the Plaintiffs were provided the 2011 DRRP Defendant seeks to enforce, nor is there any evidence they were provided with Defendant's DRRP." (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-14-776-MWF (VBKx)                Date:  July 2, 2014
Title:    Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

As discussed above, the Court finds that the 2011 DRRP is the operative version, as older versions were modified pursuant to the DRRP's Rule 19. As to whether Plaintiffs "were provided with Defendant's DRRP" the Agreements provide that if the DRRP is not within the application packet, the applicant should request the DRRP from a CarMax representative. (*See* Ross Decl. ¶ 5, Exs. B at 17, C at 23, D at 32). Moreover, Plaintiffs signed under the Agreements' bold text specifically acknowledging that they had received the DRRP. (*Id.*).

The Court finds that the Agreement has a small degree of procedural unconscionability resulting from its "adhesive nature." *See* Sanchez, 224 Cal. App. 4th at 403.

### 2. Substantive Unconscionability

"Substantive unconscionability relates to the effect of the contract or provision . . . focus[ing] on the terms of the agreement and whether those terms are so one-sided as to shock the conscience." *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1043 (9th Cir. 2001) (internal quotation marks and citations omitted).

Plaintiffs argue that the Agreement and DRRP "include numerous terms that unfairly favor Defendant and are substantively unconscionable." (Opp'n at 12-14). Plaintiffs challenge eight such terms.

### a. One Year Limit of Applicable Statute of Limitations

Plaintiffs argue that the 1999 Agreements signed by Herrera and Slmani, and the incorporated DRRPs improperly limited the statute of limitations on arbitrable claims. (Opp'n at 17). Though that argument may be valid as to the 1999 Agreements, as discussed above, the DRAs have been modified since 1999 making the 2011 DRRP the operative version.

By contrast to the 1999 DRRP, Rule 4 of the 2011 DRRP states that claims may be arbitrated "no later than the applicable statute of limitations for the asserted claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-776-MWF (VBKx)      Date: July 2, 2014

Title:    Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

under the applicable law." (Ross Decl. ¶ 4, Ex. A, at 6). A contract that comports with state law cannot be substantively unconscionable.

Accordingly, Rule 4 of the DRRP is not unconscionable.

### b. *Mutual Obligation to Arbitrate Claims*

Plaintiffs argue that while the Agreements require that they submit to arbitration all claims arising from their employment, CarMax is not similarly obligated, and is free to bring claims in court. (*See* Opp'n at 17-19).

Whether or not that kind of unilateral power would render the Agreements substantively unconscionable is irrelevant however, because the Agreements do not give CarMax that power. The Agreements show that Plaintiffs would be similarly entitled to compel arbitration had CarMax brought its own claims to court. The Agreements provide that "both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies . . . exclusively by final and binding arbitration before a neutral Arbitrator." (Ross Decl. ¶ 5, Ex. B at 17, Ex. C at 23, Ex. D at 32). Under Plaintiffs' signatures, the Agreements state that "CarMax agrees to consider this Employment Application and to follow this [Agreement] and the [DRRP] in connection with the Associate who is completing this application." (*Id.*). The DRRP provides that "CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding." (*Id.*, Ex. A at 9). Read together, the Agreements and the DRRP obligate both parties to arbitrate claims arising from Plaintiffs' employment with CarMax.

Moreover, California law supports this reading as the court in *Sanchez* found that an identical agreement with CarMax did not lack mutuality of obligation. 224 Cal. App. 4th 398, 403.

Accordingly, the Court finds that this provision is not unconscionable for lack of mutuality.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-14-776-MWF (VBKx)            Date:  July 2, 2014
Title:    Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

### c. *The Modification Provision*

Plaintiffs contend that the Agreements are substantively unconscionable "because they provide for the unilateral 'after the fact' modifications only by the Plaintffs' employer." (Opp'n at 19-20). But as discussed above, CarMax's freedom under the Agreements to unilaterally modify its terms is limited by an implied covenant of good faith and fair dealing. That implied covenant "saves the agreement from being illusory and thus unconscionable." *See Sanchez*, 224 Cal. App. 4th at 1237 (quoting *Serpa*, 215 Cal.App.4th at 708).

Plaintiffs cite *Ingle v. Circuit Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003), as supporting its argument that the term is illusory. (Opp'n at 20). The *Ingle* court upheld a district court's decision to deny a motion to compel arbitration because, among many other unconscionable provisions, it found an identical unilateral modification term to be substantively unconscionable. *Ingle*, 328 F.3d at 1179. *Casas*, however, is a more recent California Court of Appeal case directly on point that decided that this term is not unconscionable. *See Casas*, 224 Cal. App. 4th at 1237 (overturning trial court's determination that identical unilateral modification term is unconscionable).

Ordinarily, this Court should follow the holding of a Ninth Circuit panel in its interpretation of California law. But if state courts subsequently disagreed with the prior panel, the Court is not bound by the Ninth Circuit decision. *See* C. Goelz et al., *California Practice Guide: Ninth Circuit Civil Appellate Practice* § 8:205.3 (The Rutter Group rev. ed. 2014) (citing *F.D.I.C. v. McSweeney*, 976 F.2d 532, 535-36 (9th Cir. 1992)). Although the intervening state decision is not a decision of the California Supreme Court, and thus not binding on questions of state law, "the Ninth Circuit follows published decisions of the state's intermediate appellate courts absent convincing evidence that the state's highest court would decide the matter differently." *Id.* § 8:205.1 (citing *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-14-776-MWF (VBKx)                 Date:  July 2, 2014
Title:     Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

*Casas* provides convincing authority that the California Supreme Court, if it were faced with the question presently directly to both the *Casas* and *Ingle* courts, would follow *Casas* rather than *Ingle*. Accordingly, this Court follows *Casas*.

The modification provision is therefore not substantively unconscionable.

### d. The DRRP Binds Both Parties

Plaintiffs states that "the DRRP references all of the rules and procedures Plaintiffs must follow, yet Defendant's obligations are solely limited to conduct required once an employee actually asserts a claim." (Opp'n at 20). But the DRRP provides that it will guide arbitrations "whether brought by an Associate or my CarMax." (Ross Decl. ¶ 4, Ex. A at 5). The DRRP places limitations on both parties' conduct, and is thus not unconscionable.

### e. Limitations on Discovery

Plaintiffs argue that "the discovery limitations imposed by the DRRP are unfair and one-sided." (Opp'n at 21). "California courts do not by any means require that an arbitration agreement permit 'unfettered discovery.'" *Rutter v. Darden Rests., Inc.*, 2008 WL 4949043, at *6 (C.D. Cal. Nov. 18, 2008) (quoting *Mercuro v. Superior Court*, 96 Cal. App. 4th 167, 184, 116 Cal. Rptr. 2d 671 (2002)). "Parties may certainly 'agree to something less than the full panoply of discovery provided in Code of Civil Procedure section 1283.05.'" *Id.* (quoting *Armendariz*, 24 Cal.4th at 105-06).

The DRRP's Rule 8 provides for initial disclosure of relevant documents, production of the a plaintiff's "personnel records file," up to twenty interrogatories which may be submitted with a request for supporting documents, and additional discovery on a showing of "substantial need." (*See* Ross Decl. ¶ 4, Ex. A at 7-8).

The court in *Sanchez* reviewed the DRRP's Rule 8 and found that it was not unconscionable. 224 Cal. App. 4th at 406. But Plaintiffs argue that because the claims in *Sanchez* involved wrongful termination claims, whereas the claims here are based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-776-MWF (VBKx)   Date: July 2, 2014
Title:   Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

insufficient wages, *Sanchez* should not apply. (Mot. at 21). Plaintiffs are concerned that time and payroll records (crucial to their claims) would be undiscoverable. (*See id.*). CarMax argues in response that such records would likely be produced as initial disclosures under the DRRP's Rule 8. (Reply at 17). It also points to the term under the same Rule allowing for additional discovery on a showing of "substantial need." (*Id.* at 18). If a particular document is necessary to Plaintiffs' ability to prove their claims and unavailable to Plaintiffs otherwise, then they have a strong argument for substantial need.

Plaintiffs have not shown that the discovery allowable under the DRRP would be unconscionable in wage-and-hour cases. Because the DRRP allows for a significant amount of discovery, because California courts have found it sufficient, and because discovery in arbitration need not be as robust as provided for in a court's rules of procedure, the DRRP's Rule 8 is not unconscionable.

### f. *Claim Preclusion*

Plaintiffs argue that the DRRP's Rule 9.f.i. ("Rule 9.f.i.") is unconscionable because it has a preclusive effect on future claims in contravention of California law, and because CarMax would not be equally barred from bringing later claims. (*See* Opp'n at 23). Rule 9.f.i. provides that "CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding" and that "[a]ny claims not brought in one arbitration shall be waived and precluded." (Ross Decl. ¶ 4, Ex. A at 9).

In support of their argument that Rule 9.f.i contravenes California law, Plaintiffs cite California Civil Code Section 1542 which provides that a Creditor's release of claims against a debtor does not extend to claims unknown at the time of the executing the general release. (*Id.*). CarMax rightly argues in response that the cited law is inapplicable, as it applies to general releases signed by creditors with respect to debts owed. (Reply at 18). Plaintiffs also fail to show how the preclusive effect of Rule 9.f.i. is substantially harsher than claim preclusion as it generally exists in courts. Moreover, the DRRP's Rule 18 provides that if any rules in the DRRP conflict with "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.   CV-14-776-MWF (VBKx)                     Date: July 2, 2014
Title:     Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

mandatory provision of applicable law" the conflicting rule should be modified. (Ross Decl. ¶ 5, Ex. A at 12).

Plaintiffs also fail to explain its assertion that CarMax's future claims would not be precluded while Plaintiffs' claims would. (*See* Opp'n at 23).

Accordingly, Rule 9.f.i. is not unconscionable.

### g. *Confidentiality Provision*

The DRRP's Rule 9.g. ("Rule 9.g.") provides that all aspects of the arbitration "shall be confidential and shall not be open to the public." (Ross Decl. ¶ 4, Ex. A at 9). Plaintiffs contend that this provision is substantively unconscionable because "it prevents Plaintiffs from discussing their claims with other potential plaintiffs and from discovering relevant precedent to support their claims." (*See* Opp'n at 24). The court in *Sanchez* found there was "'nothing unreasonable or prejudicial'" about Rule 9.g. or with respect to its "'fairness or desirability.'" 224 Cal. App. 4th at 408 (quoting *Woodside Homes of Cal., Inc. v. Superior Court*, 107 Cal. App. 4th 723, 732, 132 Cal. Rptr. 2d 35.). It therefore found that Rule 9.g. was not unconscionable.

At the hearing, counsel for Plaintiffs raised the possibility that the confidentiality provision may be interpreted to preclude a lawyer from representing multiple plaintiffs bringing claims against CarMax, because the lawyer would be prohibited from using information obtained in prior arbitration proceedings to aid his clients. The Court agrees that such an interpretation of Rule 9.g. would be substantively unconscionable, because it would remove Plaintiffs' ability to mitigate CarMax's "repeat player" advantage. *See Ting v. AT&T*, 319 F.3d 1126, 1152 (9th Cir. 2003) (confidentiality provision unconscionable because defendant's repeat-player advantage was particularly strong with seven million potential claimants). In fact, upholding a particular arbitration agreement, the D.C. Circuit noted that egregious abuses or corruption by arbitrators "would [not] escape the scrutiny of plaintiffs' lawyers or appointing agencies like AAA." *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1485 (D.C. Cir. 1997). Refusal to allow plaintiffs' lawyers to discuss arbitral proceedings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV-14-776-MWF (VBKx)     Date: July 2, 2014
Title:     Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

would remove this "protection[] against the possibility of arbitrators systematically favoring employers because employers are the source of future business." *Id.*

Ordinarily, when a contract contains an arbitration clause, questions of interpretation of the contract and enforceability of particular provisions are left for the arbitrator. Unless the arbitration clause itself is unenforceable, the question whether a particular provision of the contract, like the confidentiality clause, is unenforceable is thus left to the arbitrator. *See Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1059 n.9 (9th Cir. 2013) ("In any event, the enforceability of the confidentiality clause is a matter distinct from the enforceability of the arbitration clause in general. Plaintiffs are free to argue during arbitration that the confidentiality clause is not enforceable."). Courts have hesitated to invalidate arbitration agreements entirely on a speculative risk that arbitration might subject a plaintiff to an unfair result. *See Green Tree Fin. Corp.- Ala. v. Randolph*, 531 U.S. 79, 90-91, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000) ("The 'risk' that [a plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement.").

Likewise, here, the risk that Rule 9.g. might be interpreted in an unconscionable is insufficient to invalidate the arbitration clause itself. Both California courts and the Ninth Circuit have agreed that the risk of repeat-player advantage does not render unenforceable an arbitration agreement containing a confidentiality clause. *Sanchez*, 224 Cal. App. 4th at 408; *Kilgore*, 718 F.3d at 1059 n.9. The potentially unconscionable interpretation of the confidentiality provision does not so permeate the arbitration agreement as to render it unenforceable. *See Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. App. 4th 816, 826, 104 Cal. Rptr. 3d 844 (2010) ("An arbitration agreement can be considered permeated by unconscionability if it "contains more than one unlawful provision . . . . Such multiple defects indicate a systematic effort to impose arbitration . . . not simply as an alternative to litigation, but as an inferior forum that works to the [stronger party's] advantage." (alterations in original) (quoting *Armendariz*, 24 Cal. 4th at 124)). The question whether the agreement bars multiple representations must be presented to the arbitrator, subject to the opportunities for review available in the FAA. *See Kilgore*, 718 F.3d at 1059 n.9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.   CV-14-776-MWF (VBKx)                    Date:   July 2, 2014
Title:     Trinidad Herrera et al. -v- CarMax Auto Superstores California, LLC

### h. Sanction Power

Plaintiffs argue that the arbitrator's power to award sanctions is unconscionable. (Opp'n at 24). Under the DRRP, the arbitrator may award sanctions for failure to comply with applicable procedures, including an assessment of costs, prohibition of adverse evidence, or even an adverse ruling. (Ross Decl., Ex. A at 10). Plaintiffs object that unlike a court's sanction authority, the arbitrator may impose sanctions even without a showing of "bad faith." (Opp'n at 24). Plaintiffs are incorrect in assuming that this Court would only be empowered to impose sanctions upon a finding of bad faith. Federal Rule of Civil Procedure 37 provides for the imposition of the same sanctions as those under the DRRP for failure to comply with court orders or discovery obligations, even without a showing of bad faith. *See* Fed. R. Civ. P. 37(b)-(c).

Accordingly, the court finds that the sanction power in the DRRP is not unconscionable.

## III. CONCLUSION

The Court finds that the Agreements are valid and binding on Plaintiffs. The Court finds further that while the Agreements involve a small amount of procedural unconscionability because they are adhesive contracts, they are not substantively unconscionable. With only procedural unconscionability present, the Agreements are not unconscionable. *See Armendariz*, 24 Cal. 4th 83 at 114.

Accordingly, the Motion is **GRANTED**, and the action is hereby **DISMISSED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.